**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**RONNIE EDWARD SMITH**                                                      **PETITIONER**

**VERSUS**                                **CIVIL ACTION NO. 3:08CV486 HTW-LRA**

**RONALD W. KING**                                                        **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Petitioner's [64] Motion to Reopen Habeas Corpus Proceeding Pursuant to Rule 60(b)(6) Federal Rules of Civil Procedure and 28 U.S.C. § 2244(d)(1)(B)," [70] "Supplemental Motion to Reopen Habeas Corpus Proceedings," and [68] "Motion for Evidentiary Hearing." Having reviewed the motions, responses, and the applicable law, the undersigned recommends that the motions to reopen be dismissed for lack of jurisdiction or transferred to the Fifth Circuit Court of Appeals, and that the motion for evidentiary hearing be denied.

The facts and procedural history are outlined in detail in this Court's prior decision and will not be repeated in depth here. Petitioner Ronnie Smith was convicted of capital murder while in the commission of a robbery, in the Circuit Court of Hinds County, Mississippi. He was sentenced to life without parole in the custody of the Mississippi Department of Corrections. On August 22, 2011, this Court entered an Order adopting the undersigned's Report and Recommendation that the Petitioner's § 2254 habeas corpus action be dismissed with prejudice. On the same date, this Court issued its Final Judgment dismissing the action with prejudice. On November 4, 2011, this Court denied

Petitioner's motion for a certificate of appealability. Finding that Petitioner failed to make a substantial showing of the denial of a constitutional right, the United States Fifth Circuit Court of Appeals denied Petitioner's certificate of appealability on March 26, 2012.

Now, over eight years later, Petitioner requests that this Court reopen this action pursuant to Fed. R. Civ. P. 60(b). "Because of the comparative leniency of Rule 60(b), prisoners sometimes attempt to file what are in fact second-or-successive habeas petitions under the guise of Rule 60(b) motions." *In re Edwards*, 865 F.3d 197, 203 (5th Cir. 2017) (citations omitted). Thus, when a state prisoner seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, the district court must make a threshold determination of whether the motion amounts to a successive § 2254 petition. *See Crutsinger v. Davis,* 936 F.3d 265, 266 (5th Cir. 2019)*, cert. denied,* 140 S. Ct. 2 (2019) (vacating district court's order transferring petitioner's motion to the appellate court as a successive petition upon determining that the motion was not successive within the meaning of 28 U.S.C. § 2244(b)(1), and remanding to the district court to consider the motion). Pursuant to 28 U.S.C. § 2244(b)(3), before a successive application may be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See Burton v. Stewart*, 549 U.S. 147, 156 (2007). If the district court determines that the petitioner's motion is a successive habeas petition disguised as a Rule 60(b) motion, then the Court must dismiss the petition for lack of jurisdiction or transfer it to the Fifth Circuit Court of Appeals.

Smith's 60(b) motion seeks to attack his conviction and sentence by raising new claims of ineffective assistance of counsel and venue.  However, "[a] Rule 60(b) motion is properly construed as a successive habeas petition where it 'seeks to add a new ground for relief,' or 'attacks the federal court's previous resolution of a claim on the merits.'" *Gonzales v. Davis*, 788 F. App'x 250, 252 (5th Cir. 2019), *cert. denied*, 206 L. Ed. 2d 942 (May 18, 2020) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).  Smith has made no showing that he has received authorization from the Fifth Circuit to file a successive application concerning these new claims.  Until he obtains leave to file a successive petition, this court lacks jurisdiction to consider these claims or the affirmative defenses raised in response thereto.

Even assuming *arguendo,* the Court finds that Smith's motion is not a successive petition, he has failed to meet his high burden under Rule 60(b).  To succeed on a Rule 60(b) motion, the movant must show: (1) that the motion was made within a reasonable time; and (2) extraordinary circumstances exist that justify the reopening of a final judgment.  *See Gonzalez*, 545 U.S. at 535 ("[Extraordinary] circumstances "will rarely occur in the habeas context.").  Smith has shown neither here.  Though seemingly aware of his ineffective assistance of counsel claims in 2017, Smith did not file his Rule 60(b) motion until January 2020.  Moreover, "a claim of deficient representation, without more, is insufficient to obtain Rule 60(b) relief."  *Davis*, 936 F.3d at 269.  As to his allegation that venue was improper, "a Rule 60(b)(6) movant must show that he can assert 'a good claim or defense' if his case is reopened."  *In re Johnson*, 935 F.3d 284, 289 (5th Cir. 2019), *as revised* (Aug. 15, 2019), *cert. denied sub nom. Johnson v. Davis*, 140 S. Ct.

3

2521. State post-conviction proceedings reflect that the Mississippi Supreme Court has indicated that "proof of venue here was more than sufficient."[1]

Lastly, the undersigned notes that Smith has also moved for an evidentiary hearing on his Rule 60(b) motion. However, a hearing is not appropriate on a Rule 60(b) motion where there are "no relevant factual disputes that would require development in order to assess the claims." *Trottie v. Stephens*, 581 F. App'x 436, 439 (5th Cir. 2014) (quoting *Williams v. Taylor,* 529 U.S. 420, 436 (2000)). Smith has pointed to no contested factual issue material to his claims. More importantly, as set forth above, this court lacks jurisdiction to consider the claims for which he seeks an evidentiary hearing. Therefore, no hearing is required.

For these reasons, the undersigned recommends that the motion and supplemental motion to reopen habeas corpus proceedings be dismissed without prejudice, for lack of jurisdiction because it is a successive petition, or the petition should be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether this successive petition should be allowed. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Alternatively, the undersigned recommends that the motion and supplemental motion to reopen be denied for failing to meet the requirements of Rule 60(b). The undersigned further recommends that the motion for an evidentiary hearing be denied.

---

[1] ECF No. 64-2, p.1

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 14, 2020.

s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
